CECILIA LEE, LTD.
CECILIA LEE, ESQ.
Nevada Bar No. 3344
448 Ridge Street
Reno, Nevada 89501
Telephone (775) 324-1011
Fax (775) 324-0113
Email: c.lee@cecilialee.net

Attorney for Trustee Marianne Eardley

Electronically Filed on April 23, 2013

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| In re: | Case No. BK-N-12-50020-BTB |
|---|---|
| WESLEY DEE MARTIN, | Chapter 7 Case |
| Debtor. | **MOTION TO SELL PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES** |
| | Hearing Date:  May 23, 2013<br>Hearing Time:  11:00 a.m. |

Pursuant to 11 U.S.C. §363, Trustee Marianne Eardley ("Trustee"), by and through her attorney, Cecilia Lee, Esq., asks the Court to enter an order (1) authorizing the Trustee to sell the Debtor's percentage interest in a family limited partnership free and clear of any liens, claims and encumbrances with the proceeds of such sale to be administered as property of the estate; (2) that any Order approving this Motion include that the sale be approved pursuant to Section 363(m); and (3) that the order approving this Motion not be stayed pursuant to Fed. R. Bank. Pro. 6004(h).

In support of this Motion, the Trustee submits the following memorandum of points and authorities, the attached exhibits, and respectfully represents as follows:

/ / /

/ / /

Cecilia Lee, Ltd.
448 Ridge Street
Reno, NV 89501
(775) 324-1011
(775) 324-0113

# I.    STATEMENT OF FACTS

1.    On January 5, 2012, Debtor filed his voluntary petition under Chapter 7 of the Bankruptcy Code. Docket No. 1. On the same day, Marianne Eardley was appointed as Chapter 7 Trustee. Docket No. 7.

2.    In his schedules, the Debtor lists a percentage ownership interest in a family limited partnership entitled the Martin Family LLC (the "Debtor's Membership Interest"); as such, the Membership Interest is an asset of this estate. The Debtor listed the value of the Debtor's Membership Interest as $0.00.

3.    The Martin Family LLC was formed in Wyoming and has been operated pursuant to Articles of Organization and an Operating Agreement since 2002. See Articles of Organization of Martin Family, LLC (dated April 27, 2002) ("Articles"), attached hereto as Exhibit A.

4.    The Martin Family LLC is made up of membership interests owned in varying percentages by members of the Debtor's family.

5.    Article X of the Articles of Incorporation provides that "No additional members shall be admitted to the Company without the express written consent of all other members." See Ex. A.

6.    Article 7.1 of the Operating Agreement provides:

> No member may sell, gift, transfer, assign or convey all or any portion of its interest in the Company, which includes such member's capital account and interest in the profits and losses of the Company, without first offering the interest or portion thereof first to the Company and if not purchased by the Company, then to the other members. Any transfer or interest not first offered for sale to the Company and then to the other members shall be voidable at the sole option of the Managers.

See Ex. B.

7.    On January 17, 2013, Susan M. Roberts ("Roberts"), an individual and Member of the Martin Family LLC and Mary Charleen M. Bendixen ("Bendixen"), and individual and Member of the Martin Family LLC, (Roberts and Bendixen together referred to herein as "Purchasers"), made a formal written offer to the Trustee to purchase the bankruptcy estate's

10.53% Membership Interest in the Martin Family LLC for $25,000.00.  <u>See</u> Letter from Randy Grimshaw to Cecilia Lee (January 17, 2013), attached hereto as <u>Exhibit B</u>.  Specifically, the Purchasers offered to each purchase one-half of the Estate's Interest, resulting in Roberts's purchase of a 5.265% Membership Interest for $12,500.00 and Bendixen's purchase of a 5.265% Membership Interest for $12,500.00.  <u>Id</u>.

8.   The Trustee and the Purchasers entered into a Purchase and Sale Agreement providing that the Estate agreed to sell the Debtor's Membership Interest to Purchasers for $25,000.00.  <u>See</u> Purchase and Sale Agreement (with an effective date of April 2, 2013), attached hereto as <u>Exhibit C</u>.

9.   The Purchasers have paid the purchase price and deposited the same with the Trustee pursuant to the terms of the Agreement.

10.   The Purchase and Sale Agreement provides that the sale is subject to this Court's approval.  <u>Exhibit C</u>, ¶ 5.2.

## II   LEGAL DISCUSSION

By this Motion, the Trustee seeks this Court's approval of the terms of the Purchase and Sale Agreement and authority to sell the Debtor's 10.53% Membership Interest in the Martin Family LLC.

### 1.   <u>Sale of Property Free and Clear of Liens, Claims and Encumbrances</u>

Section 363(b) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. §363(b).  The standard for approval of a sale of property of the estate under Section 363 is whether there exists some articulated business justification for the proposed transaction, and whether the sale is in the best interests of the debtor, creditors and equity holders.  <u>Walter v. Sunwest Bank</u>, 83 B.R. 14, 19 (9th Cir. BAP 1988) (quoting <u>Institutional Creditors of Continentail Airlines, Inc.</u>, 780 F.2d 1223, 1226 (5th Cir. 1986).  In making such a determination, courts may look to the following factors:

(a)   Whether the assets are increasing or decreasing in value;

(b)   Whether the proposed sale will effectuate a *de facto* reorganization;

Cecilia Lee, Ltd.
448 Ridge Street
Reno, NV 89501
(775) 324-1011
(775) 324-0113

1    (c)  Whether the assets have been given adequate marketing; and

2    (d)  Whether adequate and reasonable notice of the sale was given.

3 In re Work Recovery, Inc., 202 B.R. 301, 303-04 (Bankr. D. Ariz. 1996); In re Wilde Horse

4 Enterprises, Inc., 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991).

5    Rule 6004(f) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules")

6 provides that "[a]ll sales not in the ordinary course of business may be by private sale or by

7 public auction." Fed. R. Bankr. Pro. 6004(f)(1). A trustee has broad discretion in determining

8 the manner of sale, including whether to sell property by public or private sale. In re Frezzo, 217

9 B.R. 985, 989 (Bankr. M.D. Penn. 1988) (citing In re Canyon Partnership, 55 B.R. 520, 524

10 (Bankr. S.D. Cal. 1986).

11    Bankruptcy Rule 2002(c)(1) provides that "[n]otice of a proposed use, sale or lease of

12 property …. shall include the time and place of any public sale, the terms and conditions of any

13 private sale and the time fixed for filing objections."

14    In this case, the sale will be a private sale to current members of the Martin Family, LLC.

15 At this time, the Debtor's Membership Interest does not appear to be increasing or decreasing in

16 value. The primary assets of the Martin Family, LLC consist of real estate investments. As

17 represented in the Purchase and Sale Agreement, the LLC's Members have received only

18 sporadic and inconsistent cash distributions in the past and there is no reasonable expectation that

19 such will change in the foreseeable future. Exhibit C, § 8.1. The Debtor's Membership

20 Interests are a minority interest with no management or control. Id., §8.2 The Membership

21 Interests have no known market and are subject to transferability restrictions. Id., §8.3. The

22 transferee would not become a substitute member in the Company. Id., §8.4.

23    Further, the proposed sale will not effectuate a de facto reorganization. This is a chapter

24 7 case with no reorganization contemplated or possible. Rather, the sale of the Debtor's

25 Membership Interest will enable the Trustee to further the liquidation process and pay the

26 Estate's creditors.

27    Finally, adequate and reasonable notice of this sale has been given. The Motion will be

28 duly noticed to the Debtor's known creditors as well as the members of Martin Family, LLC.

1    Importantly, the Notices set forth the proposed sale of the Debtor's Membership Interest, the
2    time and place of the hearing, the terms and conditions of the sale and the time fixed for filing
3    objections.    Bankruptcy Rule 2002(c)(1).    Finally, it was noted that the Purchase and Sale
4    Agreement is subject to overbids during the approval proceeding.  See Exhibit C, § 5.3.

5    Thus, this sale meets the requirements of section 363 because the above factors have been
6    met.  This sale is in the best interests of the estate.

7    Pursuant to the terms of the Purchase Agreement, the sale will be "as is, where is" and
8    without any warranties.  See Exhibit C, § 7.  The Debtor also asks the Court to make a finding
9    pursuant to 11 U.S.C. §363(m), which provides:

> [t]he reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

15    The Bankruptcy Code does not define "good faith purchaser."    However, the Ninth
16    Circuit Bankruptcy Appellate Panel defined a "good faith purchaser" as one who buys in good
17    faith and for value.  As a corollary, lack of good faith is found when there is fraud, collusion
18    between the purchaser and other bidders or the trustee or a "grossly" unfair advantage over the
19    other bidders.  In re M Capital Corp., 290 B.R. 743, 746-47 (9th Cir. BAP 2003).  Lack of good
20    faith is, thus, determined by fraudulent conduct during the sale proceedings.  In re Exennium,
21    715 F.2d 1401, 1404-05 (9th Cir. 1983); In re Thomas, 287 B.R. 782, 785-86 (9th Cir. BAP
22    2002).  Because there is no known market for the Membership Interest but sale is still subject to
23    overbids during this Court's approval process, the Trustee anticipates that no fraudulent conduct
24    would mire the proceedings, thus meriting a finding pursuant to §363(m).

25    Moreover, Fed. R. Bankr. Pro. 6004(h) also provides that "[a]n order authorizing the use,
26    sale or lease of property other than cash collateral is stayed until the expiration of 14 days after
27    entry of the order, unless the court orders otherwise."    The Trustee asks that the Court order that
28    the sale of the Property is not stayed pursuant to Fed. R. Bankr. Pro. 6004(h).  Particularly in

Cecilia Lee, Ltd.
448 Ridge Street
Reno, NV 89501
(775) 324-1011
(775) 324-0113

light of the fact that there is no known market for the Debtor's Membership Interest and there will be the opportunity for overbids during the approval process, a 14 day stay for the order approving this Motion is unnecessary.

Finally, according to 11 U.S.C. §363(f),

> [t]he trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –
>
> > (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> >
> > (2) such entity consents;
> >
> > (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> >
> > (4) such interest is in bona fide dispute; or
> >
> > (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

Here, the requirements of all applicable bankruptcy code sections have been satisfied. There is no entity, other than the estate, that has an interest in the property. However, even if there were, the LLC's Articles and Operating Agreement, which were entered into pursuant to Wyoming law, permit this sale of the Debtor's Membership Interest. The Trustee believes that there is sufficient justification for the sale of the Debtor's Membership Interest to other Members of the LLC and that the sale is in the best interests of creditors and the estate.

As a final point, the Trustee and the Purchasers have agreed that the order approving the sale will constitute the transfer document, as opposed to a separate bill of sale. The Trustee is not submitting a proposed order with this Motion, in the event the Purchasers are not the successful bidders. If the Purchasers are the successful bidders, the Trustee and the Purchasers will confer on the language in the order to be submitted to the Court and the Trustee will submit the order with the Purchasers' approval.

/ / /

On these grounds, the Trustee asks the Court to approve the portion of the Motion seeking authority to sell the Property free and clear of liens, claims and encumbrances with the proceeds of such sale to be included in the assets used to pay the Debtor's creditors. The Trustee further requests that the Order approving this Motion include that the sale be approved pursuant to Section 363(m) and that the order approving this Motion not be stayed pursuant to Fed. R. Bank. Pro. 6004(h).

### III    CONCLUSION

For these reasons, the Debtor asks the Court to GRANT this Motion in its entirety.

DATED this 23rd day of April, 2013.

CECILIA LEE, LTD.

/s/ Cecilia Lee, Esq.
CECILIA LEE, ESQ.

Cecilia Lee, Ltd.
448 Ridge Street
Reno, NV 89501
(775) 324-1011
(775) 324-0113

# EXHIBIT A

## ARTICLES OF ORGANIZATION
## OF
## MARTIN FAMILY, LLC
## (A WYOMING LIMITED LIABILITY COMPANY)

Pursuant to Wyoming Statute § 17-15-106 (1993), the undersigned natural person acting as organizers of this Wyoming Limited Liability Company (hereinafter the "Company") pursuant to the Wyoming Limited Liability Company Act, Wyoming Statute § 17-15-101 et seq., adopt the following Articles of Organization for such Company.

### ARTICLE I
### NAME OF THE LIMITED LIABILITY COMPANY

The name of the limited liability company is MARTIN FAMILY, LLC.

### ARTICLE II
### DURATION

The period of duration is from the date of filing of these Articles of Organization with the Wyoming Secretary of State until December 31, 2050, unless earlier terminated pursuant to the terms of the Operating Agreement of the Company.

### ARTICLE III
### BUSINESS PURPOSE

The business purposes for which the Company is organized are to engage in any lawful acts, activities or pursuits for which a limited liability company may be organized under the Wyoming Limited Liability Company Act, including but not limited to activities related to the purchase, ownership, maintenance, management and disposition of real and personal property.

### ARTICLE IV
### NAME AND ADDRESS OF REGISTERED AGENT

The name and street address of the Company's initial registered agent in the State of Wyoming is Merrill J. Martin.  The street address of the registered office of the Company in Wyoming is 1440 Gregory Lane, #4, P.O. Box 1743, Jackson, Wyoming 83001.

### ARTICLE V
### CAPITAL CONTRIBUTIONS

The total amount of cash contributed to the Company upon its organization is $10.  No additional contributions have been agreed to by the members or are required upon organization of the Company.

## ARTICLE VI
## MEMBERS

The names and business addresses of the members of the Company are as follows:

Merrill J. Martin, Trustee of Merrill J. Martin May 22, 1981 Family Trust
1550 KDC Lane
P.O. Box 1743
Jackson, Wyoming 83001

Carol B. Martin, Trustee of the Carol B. Martin May 22, 1981
Family Trust
1550 KDC Lane
P.O. Box 1743
Jackson, Wyoming 83001

Richard Lee Martin
916 Riverdale County Road 101
Evanston, Wyoming 82930

Wesley Dee Martin
716 Highway 2 West
Libby, Montana 59923

Susan Martin Roberts
705 Matchpoint Drive
Ammon, Idaho 83406

Mikal James Martin
300 Crimson
Idaho Falls, Idaho 83406

Mary Charleen Spitz
4417 Leesburg Circle
Idaho Falls, Idaho 83404

## ARTICLE VII
## INTERNAL AFFAIRS

Except as provided in these Articles of Organization, and as provided by law, the regulation of the internal affairs of the Company are set forth in the Operating Agreement of the Company, of even date herewith.

## ARTICLE VIII
## MANAGEMENT

The day-to-day operations of the Company shall be managed by its Managers, Merrill J. Martin and Carol B. Martin.  If both Merrill and Carol become unable to serve as managers, a new manager or managers shall be elected or removed in accordance with the terms, conditions and procedures set forth in the Operating Agreement of the Company.

## ARTICLE IX
## LIABILITY

The members of the Company shall not be liable for any debts or obligations of the Company.

## ARTICLE X
## ADDITIONAL MEMBERS

No additional members shall be admitted to the Company without the express written consent of all other members.

IN WITNESS WHEREOF, this instrument has been executed under penalty of perjury as of the _27_ day of April, 2002.


_____
Merrill J. Martin


_____
Carol B. Martin

## WRITTEN CONSENT TO APPOINTMENT
## AS REGISTERED AGENT

Merrill J. Martin, a Wyoming resident, whose address in Wyoming is 1550 K.D.C. Lane, P.O. Box 1743, Jackson, Wyoming 83001, hereby agrees and consents to appointment as the Registered Agent of Martin Family, LLC, a Wyoming limited liability company, for the State of Wyoming pursuant to the Wyoming Limited Liability Company Act.

Merrill J. Martin, Registered
Agent for Martin Family, LLC

4513123

- 4 -

# EXHIBIT B



RECEIVED

JAN 2 2 2013

CECILIA LEE LTD.

Randy M. Grimshaw

Direct Dial
(801) 536-6779
E-Mail
RGrimshaw@parsonsbehle.com

201 South Main Street
Suite 1800
Salt Lake City, UT 84111
Telephone 801.532.1234
Facsimile 801.536.6111

A PROFESSIONAL
LAW CORPORATION

January 17, 2013

VIA E-MAIL C.LEE@CECILIALEE.NET AND U.S. MAIL

Cecilia Lee, Esq.
CECILIA LEE, LTD.
448 Ridge Street
Reno, Nevada 89501

Re:   In Re Wesley Dee Martin Chapter 7 Bankruptcy Case/
      Martin Family LLC

Dear Ms. Lee:

On behalf of two members of the Martin Family LLC, a Wyoming limited liability company (the "LLC"), specifically Susan M. Roberts ("Susan") and Mary Charleen M. Bendixen ("Charleen"), this letter shall constitute an offer by Susan and Charleen to purchase from the *In Re Wesley Dee Martin Chapter 7 Bankruptcy*, pending in the United States Bankruptcy Court for the District of Nevada, case number BK-N-12-50020-BTB, the membership interests of the LLC which the bankruptcy estate owns and holds.

Susan and Charleen offer to purchase the membership interests of the LLC previously held by Wesley Dee Martin, consisting of a 10.53% interest of the LLC (the "Interests") for the sum of Twenty-Five Thousand Dollars ($25,000.00). Susan will purchase one-half of the Interests and Charleen will purchase one-half of the Interests. The purchase price shall be paid in cash, $12,500 from Susan for a 5.265% Interest, and $12,500 from Charleen for a 5.265% Interest, in return for the assignment and transfer of the Interests from the bankruptcy estate respectively to each of them. The assignment and transfer shall include all of the rights, title and interest of the bankruptcy estate in and to the Interests, free and clear of any and all liens, claims, rights or encumbrances in, through or as a result of the bankruptcy of Wesley Dee Martin. The assignment and transfer must be approved and confirmed by bankruptcy court order.

Susan and Charleen, respectively, make this purchase offer after due consideration of the known assets and liabilities of the LLC; the anticipated income and growth potential of the LLC; the fact that there have been only sporadic and inconsistent cash distributions from the LLC to its members in the past and there is no reasonable expectation that such will change for the foreseeable future; the Interests comprise a small minority ownership of the LLC; the Interests have no control or management voice in the LLC; there is no known

06066.001/4817-5831-8098.2

Cecilia Lee
January 17, 2013
Page Two

market or interested purchasers for membership interests of the LLC, both because of strict transferability restrictions contained in the LLC operating agreement and the fact that the LLC is a small family owned and operated entity; any transferee of the Interests shall not become a substitute member of the LLC, shall have no right to participate in the management of the LLC and shall only be allocated the share of LLC profits and losses that would have been allocated to the transferor.  Whether the transferee can become a substitute member of the LLC is within the discretion of its manager.

Two other points are of note.  First, while taxable income normally is allocated from the LLC to the members, there is no operating agreement requirement that cash sufficient to fund the allocated tax liability will be distributed by the LLC to its members.  Therefore, LLC allocated income may create an additional income tax liability for each member that must be funded from income sources outside of the LLC.   Second, the cash purchase offer herein is to be contrasted with the five-year installment payment arrangement specified in Section 7.2 of the LLC operating agreement.

The purchase offer for the Interests shall remain open for a period of 60 days from the date of this letter.  If it is not accepted and approved by the bankruptcy court within such 60-day period, it shall lapse automatically and be of no force and effect.

Neither the LLC nor its other members have a desire or interest in purchasing the Interests and hereby waive any rights or claims they may have to purchase under Sections 7.1 and 7.2 of the LLC operating agreement.

Very truly yours,

Parsons Behle & Latimer

Randy M. Grimshaw

RMG/dv

cc:    Merrill J. Martin, LLC Manager
       Susan Roberts
       Charleen Bendixen

EXHIBIT C

## PURCHASE AND SALE AGREEMENT

This Membership Interest Purchase and Sale Agreement (the "Agreement") is made as of the 29th day of March, 2013, by and between Susan M. Roberts ("Roberts"), an individual and Member of the Martin Family, LLC and Mary Charleen M. Bendixen ("Bendixen"), and individual and Member of the Martin Family, LLC, (Roberts and Bendixen hereinafter referred to herein as "PURCHASERS"), and Marianne Eardley, as Chapter 7 Trustee of the bankruptcy estate in *In re Wesley Dee Martin*, Case No. 12-50020-btb, currently pending in the United States Bankruptcy Court for the District of Nevada ("SELLER").

## RECITALS

WHEREAS, the Martin Family, LLC, a Wyoming limited liability company (the "Company"), was formed through the filing of Articles of Organization of Martin Family, LLC with the Wyoming Secretary of State on October 1, 2002 (the "Articles," attached hereto as Attachment A);

WHEREAS, the Company is owned by various members holding varying percentage interests in the Company;

WHEREAS, on January 5, 2012, Wesley Dee Martin (the "Debtor") filed a Chapter 7 voluntary petition for bankruptcy relief in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"), Case No. 12-50020-btb, in which the Debtor listed in his schedules a percentage ownership interest in the Company; as a result of the Debtor's petition, the Debtor's ownership of and membership interests in the Company is an asset of the bankruptcy estate;

WHEREAS, on January 5, 2012, SELLER Marianne Eardley was appointed as the Chapter 7 Trustee for the Debtor (the "Trustee") in Case No. 12-50020-btb;

WHEREAS, on January 17, 2013, PURCHASERS made a formal written offer to SELLER to purchase the bankruptcy estate's membership interests in the Company;

WHEREAS, SELLER desires to sell and convey to PURCHASERS, and PURCHASERS desire to purchase, on the terms and conditions more fully set forth herein, all of SELLER'S rights, titles and interests in and to the Debtor's ownership of and membership interests in the Company (the "Membership Interests".

For and in consideration of the mutual covenants herein contained, the receipt and sufficiency of which is unconditionally acknowledged by PURCHASERS and SELLER, the parties do hereby agree as follows:

## 1.    SALE AND TRANSFER OF MEMBERSHIP INTERESTS

**1.1**    Purchase.    SELLER agrees to sell to PURCHASERS and PURCHASERS agree to purchase from SELLER, the bankruptcy estate's 10.53% Membership Interest in the Company.    PURCHASERS will each purchase one-half of the total Membership Interest,

resulting in Roberts' purchase of a 5.265% Membership Interest and Bendixen's purchase of a 5.265% Membership Interest.

      **1.2**    <u>Membership Interests</u>.  Subject to the terms and conditions of this Agreement, at Closing, SELLER shall sell, transfer, convey, assign and deliver the Membership Interests to PURCHASERS and PURCHASERS shall purchase the Membership Interests from SELLER free and clear of any and all liens, claims, rights or encumbrances.

## 2.    PURCHASE PRICE

The total PURCHASE PRICE shall be Twenty-Five Thousand Dollars ($25,000.00).  The purchase price shall be paid as follows:  Twelve Thousand Five Hundred Dollars ($12,500.00) from Roberts and Twelve Thousand Five Hundred Dollars ($12,500.00) from Bendixen.

## 3.    EFFECTIVE DATE

The Effective Date is the latter date upon which this Agreement is fully executed by both SELLER and PURCHASERS.

## 4.    PAYMENT

PURCHASERS shall pay the purchase price in good and sufficient funds within ten (10) days of the Effective Date by delivering good and sufficient funds to SELLER to deposit in her estate bank account pending Court approval of the Agreement as set forth in Section 5.  In the event that the Court does not approve the Agreement, the SELLER shall return the purchase monies to the PURCHASERS as provided in Section 6.2.

## 5.    CONDITIONS PRECEDENT TO CLOSING

      **5.1**    <u>Motion for Approval</u>.  Within 10 days of the Effective Date, the SELLER agrees to file a motion to approve the terms of the Agreement and promptly set a hearing for approval of the motion in the Bankruptcy Court, Case No. 12-50020-btb.

      **5.2**    <u>Bankruptcy Court Approval</u>.  This Agreement is subject to the approval of the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court") in Case No. 12-50020-btb on a duly noticed motion to approve the terms of the Agreement pursuant to 11 U.S.C. section 363, with such approval to provide that the Membership Interests are being conveyed free and clear of any and all liens, claims, rights or encumbrances.  Failure to obtain Court approval renders this Agreement null and void.

      **5.3**    <u>Overbids</u>.  This Agreement is subject to overbids during the approval proceeding in Bankruptcy Court.

## 6.    CLOSING

      **6.1**    <u>Closing</u>.  The Closing of the transaction contemplated by this Agreement shall occur 14 days after the Bankruptcy Court issues a written Order approving the Agreement,

Membership Interest Purchase and Sale
Agreement

including expiration of any appeal period, at such location, time, and place as may be mutually agreed upon by SELLER and PURCHASERS (the "Closing").

    **6.2**    <u>Purchase Funds</u>.  In the event that the Court does not approve the Agreement, the SELLER shall return the purchase monies to the PURCHASERS within ten (10) days of the Court's Order denying approval.

    **6.3**    <u>Performance & Holidays</u>.  If the time for PURCHASERS to perform an obligation, give notice or make a payment under this Agreement falls on a Saturday, Sunday or any other day in which banking institutions throughout the State of Nevada are authorized or obligated by law or executive order to close (a "Holiday"), the act in question may be performed on the next succeeding day that is not a Saturday, Sunday or Holiday, and that is not immediately proceeded or followed by a Holiday.

    **6.4**    <u>Costs and Prorations</u>.  PURCHASERS shall pay any fees, taxes and/or costs associated with the transfer of the Membership Interests in the COMPANY, including the cost of any documentary or transfer tax or stamps.  In all other respects, the parties to this Agreement shall pay their own fees and costs associated with this transaction.

## 7.    SELLER'S WARRANTIES

SELLER makes no representations and warranties in connection with this transaction.  The sale of the 10.53% Membership Interests in the Company is as is, where is and without warranty.

## 8.    PURCHASERS' REPRESENTATIONS

PURCHASERS, respectively, represent and acknowledge that:

    **8.1**    The purchase of the Membership Interests is made after due consideration of the known assets and liabilities of the Company, the anticipated income and growth potential of the Company and the fact that there have been only sporadic and inconsistent cash distributions from the Company to its members in the past and there is no reasonable expectation that such will change in the future;

    **8.2**    The Membership Interests comprise a small minority ownership of the Company and have no control or management voice in the Company;

    **8.3**    There is no known market and there are no interested purchasers for membership interests of the Company, both because of strict transferability restrictions contained in the Company's operating agreement and the fact that the Company is a small family-owned and operated entity; and

    **8.4**    Any transferee of the Membership Interests shall not become a substitute Member of the Company and shall only be allocated the share of the Company's profits and losses that would have been allocated to the transferor.

9.    **DEFAULT AND REMEDIES**

Notice of Default and Cure Period.  If either party deems the other in default of this Agreement, that party shall deliver written notice of the default to the other which shall be delivered as set forth in Section 11.1.  The notice must be delivered as a condition precedent to exercising its other remedies.  The party receiving the notice shall have five (5) days in which to cure the default.  If the default is not cured within five (5) days, the party declaring the default may pursue its remedies as set forth below.

10.    **ASSIGNMENT OF AGREEMENT**

SELLER and PURCHASERS may not assign their rights and/or obligations under this Agreement without the prior written consent of the other Party.  Such consent shall not be unreasonably withheld, conditioned or delayed.

11.    **MISCELLANEOUS**

11.1 Notices.  Any demand, request or notice which either party hereto desires or may be required to make or deliver to the other shall be in writing and shall be deemed given when personally delivered, or when delivered by private courier service (such as Federal Express), or three (3) days after being deposited in the United States Mail in registered or certified form, return receipt requested, addressed as follows:

To PURCHASERS:              Susan M. Roberts
                           705 Match Point Drive
                           Ammon, Idaho 83406

                           Mary Charleen M. Bendixen
                           318 12th Street
                           Evanston, Wyoming 82930

                           Additional copy to:
                           Randy Grimshaw, Esq.
                           Parsons Behle & Latimer
                           201 South Main Street, Suite 1800
                           Salt Lake City, Utah 84111

To SELLER:                 Marianne Eardley
                           Chapter 7 Trustee, *In re Wesley Dee Martin*
                           P.O. Box 460
                           Elko, Nevada 89803

                           Additional copy to:
                           Cecilia Lee, Esq.
                           Cecilia Lee, Ltd.
                           448 Ridge Street
                           Reno, Nevada 89501

Membership Interest Purchase and Sale
Agreement

4845-2239-1058.3                          4

or to such other single address and person as either party may designate to the other by like written notice.

**11.2** Entire Agreement. This Agreement (together with attachments) contains the entire understanding between the parties and supersedes any prior understandings and agreements between them respecting the subject matter hereof. There are no other representations, agreements, arrangements or understandings, oral or written, between and among the parties hereto or any of them, relating to the subject matter of this Agreement. No amendment of or supplement to this Agreement shall be valid or effective unless made in writing and executed by the parties hereto. This Agreement is a mutual draft of the parties' intent and is not to be construed in favor of any party as a non-drafter.

**11.3** Jurisdiction. The parties agree that the United States Bankruptcy Court for the District of Nevada, Case No. 12-50020-btb, will have exclusive jurisdiction and venue to resolve any and all disputes that may arise with respect to this Agreement and the property subject thereto. The parties hereby agree not to challenge the personal jurisdiction or venue of the Bankruptcy Court or to assert forum non conveniens as a defense to any such dispute.

**11.4** Binding. This Agreement shall inure to the benefit of and be binding upon the heirs, personal representatives, successors and assigns of the parties hereto.

**11.5** Survival. All warranties, representations, covenants, indemnifications, obligations and agreements contained in or arising out of this Agreement shall survive the Closing and the conveyance of the Membership Interests hereunder and any and all performance hereunder and shall not merge. All warranties and representations shall be effective regardless of any investigation made or which could have been made.

**11.6** Approval. This Agreement shall not be a valid and enforceable obligation of SELLER and PURCHASERS unless this Agreement is executed in writing by SELLER and PURCHASERS and approved by the Bankruptcy Court. Any amendment to this Agreement shall not be a valid and enforceable obligation of SELLER and PURCHASERS unless such amendment is approved in writing and signed by SELLER and PURCHASERS and approved by the Bankruptcy Court.

**11.7** Counterparts. This Agreement may be signed in counterparts. Each signed counterpart shall be deemed an original and all counterparts together shall constitute one and the same agreement.

**11.8** Facsimile. Facsimile transmission of any signed original document shall be the same as delivery of the original. At the request of either party, the parties will confirm facsimile transmission by signing an original document.

**11.9** No Third Party Beneficiaries. The Agreement and each and every provision thereof are for the exclusive benefit of the SELLER and PURCHASERS and not for the benefit of any third party.

*[Signature pages to follow immediately]*

Membership Interest Purchase and Sale
Agreement

**SELLER:**
MARIANNE EARDLEY,
Chapter 7 Trustee

_____
Signature

Title _Trustee of the Chapter 7_
      _Bankruptcy Estate of_
      _Wesley Dee Martin_
      _Case No. 12-50020 btb_

Date _____April 3_____, 2013

**PURCHASER:**
SUSAN M. ROBERTS,
an individual

_____
Signature

Date _____, 2013

**PURCHASER:**
MARY CHARLEEN M. BENDIXEN,
an individual

_____
Signature

Date _____, 2013

The purchase and transfer of the Membership Interests of the Martin Family, LLC, a Wyoming limited liability company, from Marianne Eardley, as Chapter 7 Trustee of the bankruptcy estate in *In re Wesley Dee Martin*, Case No. 12-50020-btb, United States Bankruptcy Court for the District of Nevada, to Susan M. Roberts, an individual and member of the Martin Family, LLC, and Mary Charleen M. Bendixen, an individual and member of the Martin Family, LLC, pursuant to the terms and conditions of the foregoing Agreement is acknowledged, accepted, consented to and approved this _____ day of April, 2013.

MARTIN FAMILY, LLC

_____
Merrill J. Martin, Manager

Date _____, 2013

Membership Interest Purchase and Sale
Agreement

**SELLER:**
MARIANNE EARDLEY,
Chapter 7 Trustee

_____
Signature

_____
Title

Date _____, 2013

**PURCHASER:**
SUSAN M. ROBERTS,
an individual

*Susan M. Roberts*
Signature

Date _3_/_29_____, 2013

**PURCHASER:**
MARY CHARLEEN M. BENDIXEN,
an individual

*Mary Charle. M. Bendix*
Signature

Date _03/29/_____, 2013

        The purchase and transfer of the Membership Interests of the Martin Family, LLC, a Wyoming limited liability company, from Marianne Eardley, as Chapter 7 Trustee of the bankruptcy estate in *In re Wesley Dee Martin*, Case No. 12-50020-btb, United States Bankruptcy Court for the District of Nevada, to Susan M. Roberts, an individual and member of the Martin Family, LLC, and Mary Charleen M. Bendixen, an individual and member of the Martin Family, LLC, pursuant to the terms and conditions of the foregoing Agreement is acknowledged, accepted, consented to and approved this _29_ day of ~~April~~, 2013.
                                                                    *March*

MARTIN FAMILY, LLC

*Merrill J Martin*
_____
Merrill J. Martin, Manager

Date _3_/_29_____, 2013

Attachment "A"
(Articles of Organization of Martin Family, LLC)

## ARTICLES OF ORGANIZATION
## OF
## MARTIN FAMILY, LLC
## (A WYOMING LIMITED LIABILITY COMPANY)

Pursuant to Wyoming Statute § 17-15-106 (1993), the undersigned natural person acting as organizers of this Wyoming Limited Liability Company (hereinafter the "Company") pursuant to the Wyoming Limited Liability Company Act, Wyoming Statute § 17-15-101 et seq., adopt the following Articles of Organization for such Company.

### ARTICLE I
### NAME OF THE LIMITED LIABILITY COMPANY

The name of the limited liability company is MARTIN FAMILY, LLC.

### ARTICLE II
### DURATION

The period of duration is from the date of filing of these Articles of Organization with the Wyoming Secretary of State until December 31, 2050, unless earlier terminated pursuant to the terms of the Operating Agreement of the Company.

### ARTICLE III
### BUSINESS PURPOSE

The business purposes for which the Company is organized are to engage in any lawful acts, activities or pursuits for which a limited liability company may be organized under the Wyoming Limited Liability Company Act, including but not limited to activities related to the purchase, ownership, maintenance, management and disposition of real and personal property.

### ARTICLE IV
### NAME AND ADDRESS OF REGISTERED AGENT

The name and street address of the Company's initial registered agent in the State of Wyoming is Merrill J. Martin. The street address of the registered office of the Company in Wyoming is 1440 Gregory Lane, #4, P.O. Box 1743, Jackson, Wyoming 83001.

### ARTICLE V
### CAPITAL CONTRIBUTIONS

The total amount of cash contributed to the Company upon its organization is $10. No additional contributions have been agreed to by the members or are required upon organization of the Company.

451312.3

## ARTICLE VI
## MEMBERS

The names and business addresses of the members of the Company are as follows:

Merrill J. Martin, Trustee of Merrill J. Martin May 22, 1981 Family Trust
1550 KDC Lane
P.O. Box 1743
Jackson, Wyoming 83001

Carol B. Martin, Trustee of the Carol B. Martin May 22, 1981
Family Trust
1550 KDC Lane
P.O. Box 1743
Jackson, Wyoming 83001

Richard Lee Martin
916 Riverdale County Road 101
Evanston, Wyoming 82930

Wesley Dee Martin
716 Highway 2 West
Libby, Montana 59923

Susan Martin Roberts
705 Matchpoint Drive
Ammon, Idaho 83406

Mikal James Martin
300 Crimson
Idaho Falls, Idaho 83406

Mary Charleen Spitz
4417 Leesburg Circle
Idaho Falls, Idaho 83404

451312.3

## ARTICLE VII
## INTERNAL AFFAIRS

Except as provided in these Articles of Organization, and as provided by law, the regulation of the internal affairs of the Company are set forth in the Operating Agreement of the Company, of even date herewith.

## ARTICLE VIII
## MANAGEMENT

The day-to-day operations of the Company shall be managed by its Managers, Merrill J. Martin and Carol B. Martin. If both Merrill and Carol become unable to serve as managers, a new manager or managers shall be elected or removed in accordance with the terms, conditions and procedures set forth in the Operating Agreement of the Company.

## ARTICLE IX
## LIABILITY

The members of the Company shall not be liable for any debts or obligations of the Company.

## ARTICLE X
## ADDITIONAL MEMBERS

No additional members shall be admitted to the Company without the express written consent of all other members.

IN WITNESS WHEREOF, this instrument has been executed under penalty of perjury as of the _27_ day of April, 2002.


_____
Merrill J. Martin


_____
Carol B. Martin

451312.3                                   -3-

## WRITTEN <u>CONSENT</u> TO APPOINTMENT
## AS <u>REGISTERED AGENT</u>

     Merrill J. Martin, a Wyoming resident, whose address in Wyoming is 1550 K.D.C. Lane, P.O. Box 1743, Jackson, Wyoming 83001, hereby agrees and consents to appointment as the Registered Agent of Martin Family, LLC, a Wyoming limited liability company, for the State of Wyoming pursuant to the Wyoming Limited Liability Company Act.

Merrill J. Martin, Registered
Agent for Martin Family, LLC

4513123

- 4 -